IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS WILLIAM RAY, | ) | |
| Plaintiff, | ) ) ) | No. 2:14-cv-471 |
| v. | ) ) | Judge Cathy Bissoon |
| UNITED STATES OF AMERICA, DAVID J. HICKTON, CHARLES A. EBERLE, & MICHAEL L. IVORY, | ) ) ) | Magistrate Judge Lisa Pupo Lenihan ECF No. 13 |
| Defendants. | ) ) ) | |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss (ECF No. 13) filed by Defendants, United States of American, David J. Hickton, Charles A Eberle, and Michael L. Ivory, be granted and the Complaint be dismissed with prejudice.

**II.    REPORT**

    **A.    Factual Background**

Plaintiff, Douglas William Ray, is currently incarcerated in a federal correctional institution serving a ten-year sentence for conspiring to distribute crack cocaine. *See* Docket, Case No. 2:06-cr-159-5 (W.D.Pa.), *Disposition*. Proceeding pro se, Mr. Ray instituted this civil action on April 11, 2014 by filing a motion for leave to proceed *in forma pauperis*, which was initially denied, but subsequently granted on April 29, 2014 upon submission of the required documentation. The Complaint names as Defendants the United States of America, David J. Hickton, the U.S. Attorney for the Western District of Pennsylvania, and two Assistant U.S. Attorneys, Charles A. Eberle and Michael L. Ivory (hereinafter the "Government Defendants").

In the Complaint, Mr. Ray asserts claims against the Government Defendants for breach of contract, breach of duty, violations of his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments, and promissory estoppel. In support of these claims, Mr. Ray alleges that on January 14, 2014, he and "Defendant entered into a contract for Tender & Set-off of the matter named United States of America v. Douglas William Ray, 2:06-Cr-159-5, for valuable consideration."[1] Compl., ¶1 (ECF No. 5). Mr. Ray alleges that he has attached a true and correct copy of this contract to his Complaint as Exhibit A.

Exhibit A consists of a "Notice of SetOff Accounts" dated December 20, 2013 and directed to the Internal Revenue Service (ECF No. 5-1 at 1); a "Private Note" in which Mr. Ray promises to pay the amount of $4,000,100.00 to the "United States of America Treasury" (ECF No. 5-1 at 2); an IRS 2012 Form 1040-V Payment Voucher in the amount of $4,000,100.00 submitted by Mr. Ray (ECF No. 5-1 at 3); a copy of the Judgment Including Sentence entered in Mr. Ray's criminal case at Case No.2:06-cr-159-005 (ECF No. 5-1 at 4-7); a "Letter of Instruction, Not Subject to Negotiability Accepted for Value" dated December 20, 2013, Re: Notice—Enclosed Tender for Setoff in the Case/Claim Douglas William Ray, #2:06-cr-159-05, directed to "To Whom it may Concern" (ECF No. 5-1 at 8); a "Notice of Tender for Setoff" directed to the Government Defendants regarding *United States v. Douglas William Ray,* Case No. 2:06-cr-159-5, undated (ECF No. 5-1 at 9); and a "Request Regarding a Statement of Account" directed to the Government Defendants regarding his aforementioned criminal case, dated January 10, 2014 (ECF No. 5-1 at 10); an undated Notice of Dishonor and Opportunity to Cure from Mr. Ray and directed to the Government Defendants (ECF No. 5-1 at 45); and a Notice of Default directed to the Government Defendants by Mr. Ray and certificate of service

---

[1] Throughout his Complaint, Mr. Ray refers to the Government Defendants as simply

indicating that service of the Notice of Default was made on the Government Defendants on February 12, 2014 (ECF No. 5-1 at 48-49).[2]

According to Mr. Ray, under this alleged contract, the "Defendant agreed to: Set-off[,] Full Settlement and Closure of the above Account by receipt of Tender of Payment Note Number 525-729." Compl., ¶2. Mr. Ray further alleges that "Defendant agreed to return the instrument if it contained any defects, or is incorrect, incomplete, inaccurate or out of harmony with public policy, the defined laws established by Congress, the Constitution of the United States or any applicable State, Federal, Commercial or Banking laws in 10 days of receipt therein." *Id.* Mr. Ray also contends that the "Defendant agreed to adjust the balance of the account to zero, reflecting the ledgering of said Tender." Also according to Mr. Ray, "[i]ncluded in this communication was a request regarding a Statement of Account, pursuant to Commercial Code §9-210, as a record authentication by the debtor requesting that the recipient approve or correct the Statement." *Id.* Mr. Ray contends that the contract gave the recipient (i.e., the Defendant) 14 days to comply with this request and provide an authenticated record. *Id.*

Mr. Ray contends that he has performed all the terms and conditions of the contract that he was required to perform, Compl., ¶3, but alleges that Defendant breached the contract by failing or refusing to (1) ensure the settlement and full closure of account: <u>United States of America v. Douglas W. Ray</u>, 2:06-Cr-159-5; (2) adjust the balance of the account to zero to reflect ledgering of tender; (3) provide an updated statement of account reflecting that the Account has a zero balance; and (4) ensure that Judgment in 2:06-Cr-159-5 was discharged accordingly, Compl., ¶4. Mr. Ray further contends that he demanded that Defendant fulfill its

---

"Defendant."
[2] The remaining 40 pages of the attachment to his Complaint are duplicate copies of the first thirteen pages.

obligations on the contract but Defendant has failed and refused to do so. *Id.* at ¶5.

As a result of the Government Defendants' alleged breach of contract, Mr. Ray seeks damages in the amount of $1, 014, 515, which represents treble the amount of base damages of $338, 172. *Id.* at ¶6 & Prayer at ¶A. In addition, Mr. Ray also requests prejudgment interest from January 23, 2014 at the rate of six percent, $100 for the cost of this action, and all other relief that the Court deems just and proper. *Id.,* Prayer, ¶¶B-D.

The Government Defendants have now moved for dismissal of this action with prejudice (ECF No. 13) on a number of grounds. Plaintiff has filed a Brief in Response to the Government's Motion to Dismiss (ECF No. 15). Thus, the motion is ripe for disposition.

  **B.**  **The Prison Litigation Reform Act**

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* (28 U.S.C. § 1915(e) (2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A (b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking redress from a governmental employee.

### C. Legal Standards

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, 453 F. App'x 208, 210 (3d Cir. 2011) (citing *Neitzke, supra*). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D.Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D.Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir.2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000)); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir.2002).

In reviewing a pro se plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the pro se plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Ci r.2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." *Id.* at

555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See Cal. Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997)). Nor must the court accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp.*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir.1987).

The Court must liberally construe the factual allegations of Plaintiff's Complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the Court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.1996) (citation omitted).

### D.     Discussion

The Government Defendants advance several meritorious arguments in support of their motion to dismiss the Complaint.   In particular, they argue that under 28 U.S.C. §1915A, Mr. Ray's claims are both legally and factually frivolous and barred by the Supreme Court's decision

6

in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Alternatively, the Government Defendants argue that (1) dismissal is appropriate under Rule 12(b)(1) because they have not waived sovereign immunity under the circumstances presented; (2) dismissal is also appropriate under Rule 12(b)(6) because the Complaint fails to set forth facts upon which relief can be granted; and (3) because Mr. Ray has attempted to raise similar, frivolous allegations in the context of his criminal case, which the district court and the Third Circuit dismissed, his claims are barred by the doctrine of collateral estoppel.

In opposition to the motion to dismiss, Mr. Ray relies on treatises, a regulation, a federal statute, and cases pertaining to judgments, satisfaction of judgments, and payment as discharge of a liability, as well as the Uniform Commercial Code ("UCC"), for the proposition that the promissory note sent to the IRS, which was not returned, was deemed accepted for payment, and in accordance with the UCC, he may rely on the presentment of this obligation as settled, as no notice of dishonor was given, and therefore, he discharged the liability set forth in the underlying negotiable instrument (indictment). Mr. Ray submits that he then tendered a second negotiable instrument (promissory note) and the sum tendered was sufficient to discharge the liability in the underlying instrument (indictment). Because the Government Defendants failed to comply with and acquiesce to Sections 3-601(1), 3-603(1), 3-604(1)(2), 3-602, and 3-802(1)(a)(b) of the UCC, they have committed default. However, the authorities relied on by Mr. Ray have absolutely no relevancy to his criminal conviction and sentence, and thus, fail to support his argument.

Initially, the Government Defendants argue that Plaintiff's claims are legally frivolous because he is attempting to use "commercial law theories" based on the Uniform Commercial Code to attack or otherwise challenge the execution of his criminal conviction and sentence,

7

which simply has no foundation in the law. The Government Defendants argue, therefore, that the Complaint is indisputably meritless under Section 1915A(b)(1).

Federal courts have uniformly rejected similar arguments by prisoners—that based on the Uniform Commercial Code, their criminal convictions can be remedied by payment of a penal sum. *See, e.g., United States v. Staten,* Crim. No. 1:10-cr-00179, 2012 WL 2389871, *3 (M.D.Pa. June 25, 2012) (citing *United States v. Ornelas*, No. 05–cr–0321, 2010 WL 4663385, at *1 (S.D.Ala. Nov.9, 2010) ("Prisoners have sporadically attempted to foist such frivolous, irrational, unintelligible UCC-related arguments on federal district courts for years. Such efforts ... have uniformly been rejected in summary fashion ...."); *Luster v. United States*, No. 03–cr–52, 2010 WL 3927786, at *2 (M.D.Ga. Apr.12, 2010) ("Petitioner's references to the Uniform Commercial Code and commercial transactions provided no relief from his criminal conviction and sentence for bank robbery to which he pleaded guilty."); *Black v. Florida*, No. 09–cv–30, 2009 WL 1605410, at *3 (N.D.Fla.2009) ("Petitioner's use of language from the Uniform Commercial Code, inapplicable to criminal proceedings, is ... unavailing."); *United States v. Mitchell*, 405 F.Supp.2d 602, 604 (D.Md.2005) ("[T]he U.C.C. has no bearing on criminal subject matter jurisdiction.")). *See also Aragon v. Douglas County Courts,* Civ. A. No. 12-cv-01074-BNB, 2012 WL 2196070, * 3 (D. Col. June 15, 2012) (rejecting prisoner's claim under UCC3-603 that if tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, and holding the prisoner's sentence in his criminal case does not create a civil commercial transaction) (citing *Beylik v. Estep,* 377 F. App'x 808, 812 (10th Cir. 2010)); *United States v. Morrison,* Crim. No. 07-0013-WS-B, 2013 WL 3974523, *1-2 (holding that defendant's criminal prosecution and judgment "is not and never has been a commercial

transaction subject to the Uniform Commercial Code. . . . [and that t]he Government owes [defendant] nothing in connection with this prosecution, and his harassing 'notices of default' and similar absurd documents transmitted to the U.S. Attorney's Office entitle him to no relief whatsoever.") (collecting cases that have uniformly rejected similar arguments).

In *Aragon,* the court held that the plaintiff's sentence was "the result of a court's legitimate exercise of its power to impose punishment for proscribed criminal conduct[,]" rather than a result of any alleged contract he may have signed with the defendants (consisting of county courts, the presiding judge, district attorney, state and federal attorney generals, and Secretary of the Treasury, to name a few). 2012 WL 2196070, at *3. Consequently, the *Aragon* court concluded that prisoner's "'use of commercial law theories based on the U.C.C. to attack the execution of his criminal sentence simply has no foundation in our laws[,]'" and dismissed the action pursuant to Section 1915A(b)(1) as indisputably meritless. *Id.* (quoting *Harris v. Wands,* 410 F. App'x 145, 147 (10th Cir. 2011)). So too here, Mr. Ray's legal theory is indisputably meritless, as he is attempting to utilize commercial transaction law to discharge his sentence. As such, his Complaint is completely frivolous and should be dismissed pursuant to Section 1915A(b)(1).

The Government Defendants further argue that Mr. Ray's Complaint is barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), because if Mr. Ray prevailed on his claims regarding the government's failure to "set-off" or "close" his responsibility under his criminal drug conviction, his conviction and continued confinement would be called into question. The question addressed by the Supreme Court in *Heck* was whether a prisoner, whose conviction was upheld on direct appeal and on collateral review, may challenge the constitutionality of his conviction in a suit for damages under § 1983. *Id*. at 478. In rejecting the prisoner's § 1983

claims, the *Heck* Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87 (footnotes omitted; emphasis in original).

Although *Heck* involved a Section 1983 action brought by a state prisoner, the courts have applied the reasoning in *Heck* to bar *Bivens* claims as well. *Rogers v. Mills,* 516 F. App'x 108, 109 (3d Cir. 2013) (citing *Lora-Pena v. F.B.I.,* 529 F.3d 503, 506 n. 2 (3d Cir. 2008) (citing *Williams v. Hill,* 74 F.3d 1339, 1341 (D.C. Cir. 1996))). Moreover, the *Heck* bar applies not only to claims for money damages, but also to requests for equitable and declaratory relief. *Id.* (citing *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005)).

In the case at bar, if Mr. Ray were to prevail on his claims that the government's failure to "set-off" or "close" his responsibility under his criminal drug conviction constituted a breach of contract, his conviction and sentence would be called into question. As a consequence of the Government's breach of the alleged contract, Mr. Ray seeks an updated account statement reflecting that he has a zero balance in account number 2:06-cr-159-5, which just so happens to

be the criminal case number at which he was prosecuted and convicted, and a discharge of the judgment entered in Crim. Case No. 2:06-Cr-159-5, thereby calling into question his conviction and sentence. Accordingly, the Court finds Mr. Ray's claims are barred as a matter of law by *Heck*.

From a factual standpoint, the Government Defendants submit that the allegations in the Complaint and accompanying exhibits are equally frivolous. Mr. Ray purports to unilaterally bind the government to a purported contract to agree to release him from federal custody on serious drug charges, based simply on his alleged mailing of documents purporting to tender funds to the Internal Revenue Service. Mr. Ray further alleges that the documents, which were never signed or otherwise accepted by the government, somehow became a contract, binding on the government, based solely on his own statement that the documents would become binding unless rejected within 14 days. Moreover, the Government Defendants point out that the numerous exhibits attached to his Complaint are documents of his own creation, to which he is the sole signatory. Finally, the Government Defendants note that Mr. Ray's current IFP status is entirely inconsistent with his claim of having promised to pay to the United States, via the IRS or the Treasury, the sum of $4,000,100.00. Thus, the Government Defendants contend that such factual allegations are simply not rational and should be rejected as frivolous.

The Court agrees with the Government Defendants. Only four of the documents attached to the Complaint are specifically directed to the Government Defendants—the Notice of Tender for Setoff (ECF No. 5-1 at 9), the Request Regarding a Statement of Account (ECF No. 5-1 at 10), the Notice of Dishonor and Opportunity to Cure (ECF No. 5-1 at 45), and the Notice of Default (ECF No. 5-1 at 48-49). However, none of them is signed by the Government Defendants, nor do the documents indicate in any way that the Government Defendants agreed to

any of the terms therein. These documents, which were solely created by Mr. Ray, are simply a unilateral attempt to bind the government to a purported contract to agree to release him from federal custody from a sentence of 120 months on a conviction of conspiring to distribute crack cocaine. The documents in no way demonstrate a bilateral agreement or meeting of the minds necessary to form a valid and enforceable contract. In addition, Mr. Ray's mere statement that the documents would become binding unless rejected within fourteen days does not cure this deficiency. The Court finds it curious, as pointed out by the Government Defendants, that Mr. Ray's current IFP status is inconsistent with his claim of having promised to pay the IRS and/or Treasury the sum of $4,000,100.00. The Court agrees with the Government Defendants that such factual allegations are simply not rational and are clearly baseless. Therefore, the Court recommends that Plaintiff's claims be dismissed with prejudice as frivolous under Section 1915A(b)(1).[3]

### E. Curative Amendment

The court of appeals in *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008), has ruled that if a court is dismissing a claim pursuant to 12(b)(6) in a civil rights case it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." *See also Day v. Florida*, 743 F.3d 40, 43 (3d Cir. 2014). Given the complete lack of any legal foundation for Mr. Ray's claims, the Court cannot envision any set of facts that would entitle him to the relief requested. Accordingly, the Court finds it would be futile to allow a curative amendment, and thus, recommends that a curative amendment not be allowed.

### F. Request for Certification Under 28 U.S.C. §1915(a)(3)

---

[3] The Court need not address the additional arguments raised by the Government Defendants in support of their motion to dismiss, given the Court's determination that the Complaint should be dismissed as frivolous under Section 1915A(b)(1).

The Government Defendants request that the Court certify, pursuant to 28 U.S.C. §1915(a)(3), that any appeal from the order dismissing this case with prejudice would not be taken in good faith, and therefore, *in forma pauperis* status should be denied for appeal purposes. In support, the Government Defendants rely on *Aragon,* 2012 WL 2196070, at *3 (citing *Coppedge v. United States,* 369 U.S. 438 (1962)). The Court agrees with the Government Defendants. Given the complete lack of any legal or factual basis for Plaintiff's claims, the Court finds that any appeal from the order dismissing this case with prejudice would not be taken in good faith. *Coppedge,* 369 U.S. at 446 (good faith will be found where, from the face of the papers plaintiff has filed, it is apparent that he will present issues for review not clearly frivolous). Accordingly, the Court recommends that the District Judge include the certification under 28 U.S.C. §1915(a)(3) in the order on the motion to dismiss.

### E. Conclusion

For the reasons set forth above, this Court respectfully recommends that the Motion to Dismiss (ECF No. 13) filed by the Government Defendants be granted and the case be dismissed with prejudice pursuant to 28 U.S.C. 1915A(b)(1). It is further recommended that the Court certify, pursuant to 28 U.S.C. §1915(a)(3), that any appeal from the order dismissing this case with prejudice would not be taken in good faith.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: February 12, 2015            BY THE COURT:

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc:     Douglas William Ray, Pro Se
        08948068
        P.O. Box 1000
        Morgantown, WV  26507
        *Via First Class, U.S. Mail*

        All Counsel of Record
        *Via Electronic Mail*